(C.D. 4014)

BORDER BROKERAGE CO., INC. *v.* UNITED STATES

United States Customs Court, Second Division

[6] E.g., *Nootka Packing Co. et al.* v. *United* States, 22 CCPA 464, 470, T.D. 47464 (1935).

(Decided May 6, 1970)

*Glad & Tuttle* (*George Tuttle* and *Hudson F. Edwards* of counsel) for the plaintiff.

*William D. Ruckelshaus*, Assistant Attorney General (*Herbert T. Posner*, trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: The cases listed in schedule "A", annexed hereto and made a part hereof, were consolidated for the purpose of trial. These cases are directed against the classification of certain items of merchandise described as chutes, hoods and phase barriers as parts of circuit breakers under item 685.90, Tariff Schedules of the United States, and the consequent assessment of duty at the rate of 17.5 per centum ad valorem or 15.5 per centum ad valorem depending upon the date of entry.

Plaintiff contends said merchandise, which admittedly is used exclusively as an insulator in circuit breakers, is specifically excluded from classification under said item 685.90, *supra*, by virtue of headnote 1(i) of part 5 schedule 6 of the Tariff Schedules of the United States. Accordingly, plaintiff urges that the proper classification of said imported articles is under item 518.44 of the Tariff Schedules of the United States as an article in part of asbestos and hydraulic cement, other, which prescribes the rate of 0.225 cent per pound or 0.2 cent per pound depending upon the date of entry.

The pertinent portions of the provisions involved herein provide as follows:

Articles in part of asbestos and hydraulic cement:

|  |  |  |
|---|---|---|
| * * * * * | * * | |
| 518.44 | Other _____ | 0.225¢ per lb. |

[Tariff item 518.44 was modified to 0.2¢ per lb. on entries imported on or after January 1, 1968.]

Schedule 6 – Part 5

|  |  |  |
|---|---|---|
| 685.90 | Electrical switches, relays, fuses, lightning arresters, plugs, receptacles, lamp sockets, terminals, terminal strips, junction boxes and other electrical apparatus for making or breaking electrical circuits, for the protection of electrical circuits, or for making connections to or in electrical circuits; switchboards (except telephone switchboards) and control panels; all the foregoing and parts thereof _____ | 17.5% ad val. |

[Tariff item 685.90 was modified to 15.5% ad valorem on entries imported on or after January 1, 1968.]

## SCHEDULE 6 – PART 5 – ELECTRICAL MACHINERY AND EQUIPMENT

Part 5 headnotes:

1. This part does not cover—
    (i) electrical insulators or insulating materials (classifiable in other schedules according to materials of which made) ;

The record herein consists of the oral testimony of one witness called on behalf of plaintiff and four exhibits received on its behalf. Suffice it to say the record establishes without contradiction that the imported articles are made from a material known as asbestos cement board which is composed of portland, hydraulic cement and asbestos fibers mixed with water and then compressed into a board. The function of the three articles was established to be that of insulation in a circuit breaker. The articles are designed for use in circuit breakers and use other than in a circuit breaker would be unlikely.

By virtue of headnote 1(i), *supra*, the issue presented to the court is whether the involved articles are electrical insulators or insulating materials. The record is clear that said articles are designed for and used exclusively with electric circuit breakers and hence would fall within the purview of the term electric. Their function according to the record is that of insulation. We therefore find the imported merchandise to be within the purview of headnote 1(i), *supra*, and therefore precluded from classification under item 685.90, *supra*.

The composition of the articles involved has been established to be portland cement, hydraulic cement and asbestos fibers. Said articles fall clearly within the language of item 518.44 for articles in part of asbestos and hydraulic cement and we so hold.

The protests are therefore sustained and judgment will be entered for plaintiff.